**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**M. L. BERRY,** *ET AL.*                                                            **PLAINTIFFS**

**VS.**                                                            **CIVIL ACTION NO. 3:04CV134LS**

**PHARMACIA CORPORATION, f/k/a**
**Monsanto Chemical Company,** *ET AL.*                         **DEFENDANTS**

<u>**ORDER**</u>

This cause is before the Court upon the Plaintiffs' Motion for Reconsideration of

Judge's Order, which was filed by Betty Berry, Luke Funchess, Herman May, George Deaton

and James Minter.  The Order about which they complain denied an earlier Motion in which

they alleged that they did not receive documents responsive to a subpoena served on their

prior counsel.  The Motion was denied because the Plaintiffs had not given the court

adequate information regarding the documents sought, the documents produced, and the

documents withheld.

The events giving rise to this Motion may be briefly summarized.  This matter was

removed to this court in February, 2004, and a Motion to Remand was filed shortly

thereafter.  The original District Judge assigned to the case recused himself, and an Order

remanding most of the claims to state court was not entered until December, 2005. A Motion

to Sever and Remand was then filed, which was denied on March 15, 2005, and a Case

Management Conference was held on May 19, 2005.  A Case Management Order was

entered on June 17, 2005, in which the Plaintiffs were ordered to provide certain disclosures

to the Defendants within ninety days.  That disclosure included medical and test data that

would indicate exposure to PCB's.  In September, 2005, the court extended that deadline, at the Plaintiffs' request, to January 16, 2006.  When those disclosures had not been made by June 1, 2006, the Defendants moved for summary judgment.  By June 21, 2006, Nathaniel Armistad, counsel for the Plaintiffs, announced that most of the original Plaintiffs had settled with the Defendants.

These Plaintiffs either have not settled their claims or are attempting to rescind their settlement.  The dispute before the court relates to their continuing efforts to obtain documents to provide the court relevant to their exposure to PCB's.  In deference to their *pro se* status, the court has granted them numerous extensions of time to obtain this information. On November 7, 2006, District Judge Tom Lee entered an Order denying the Motion for Summary Judgment as to these Plaintiffs, but giving them until January 8, 2007, to obtain the information that was ordered to be disclosed in the June, 2005, CMO.  He also advised the Plaintiffs that failure to produce this evidence would result in the dismissal of their claims.  On January 18, 2007, Judge Lee once more extended the deadline thirty days, but stated that no further extensions would be granted.

In an effort to obtain the required information, these Plaintiffs served a subpoena on attorney Roger Doolittle, their former counsel, seeking the following documents:

1. Copies of all expert reports, consulted with or retained for trial, including expert's qualifications and particular expertise.

2. Copies of all summaries by attorneys that was drafted after consulting with the experts.

3. Copies of all depositions of the Defendants.

2

4.      Copies of all documents that was submitted in response to Plaintiffs' discovery.

5.      Copies of all investigative report, consulted with on behalf of the Plaintiffs.

6.      Copies of all demand letters of offers for settlement between the Plaintiffs and Defendants.

7.      Copies of all information provided or obtained from MDEQ.

Doolittle informed the Plaintiffs and the court that he was no longer in possession of the records of this matter, as they had been forwarded to Nathaniel Armistad.  By an Order entered on December 21, 2006, the undersigned requested that Armistad permit the Plaintiff to review "information related to his or her specific claims and other general information which will allow them to respond to Judge Lee's November 7, 2006 order."

The Plaintiffs ultimately reviewed, by their own admission, thirty-four boxes of documents in Armistad's office.  They claim that none of those documents was responsive to their subpoena.  They believe that the documents exist, based on representations made by Doolittle.  In particular, in a Motion for Protective Order filed by Doolittle, he stated, "The requested documents are housed at the law offices of McMurtray & Armistad in Jackson, Mississippi."

Due to this representation, the court will make one **final** effort to assist these Plaintiffs in acquiring the documents they seek.  In doing so, the court notes that the docket of this case indicates that most of the litigation efforts made in the three years that this case has been pending have been directed toward procedural matters.  There is nothing on the docket that indicates that any paper discovery was sought or served by either party, any depositions were

3

taken, or any expert witnesses were consulted or designated.  Therefore, there is every reason to believe that the documents that the Plaintiffs seek do not exist.  However, the court will require Armistad to submit a statement to the court that gives a general description of the boxes of documents produced to the Plaintiffs.  In other words, the court wants to know whether every document related to this case was produced, or, if not, how the boxes that were produced were segregated from the remainder.  Following the receipt of that statement, the court will determine whether any further extensions are warranted for the Plaintiffs to serve their disclosure documents prior to the court's consideration of whether to dismiss this action.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion for Reconsideration is hereby **granted** in part and **denied** in part, as described above.

IT IS FURTHER ORDERED that Nathaniel Armistad provide to the court, on or before Friday, March 9, 2007, a general description of the documents produced to these Plaintiffs.

IT IS SO ORDERED, this the 7th day of March, 2007.


_____S/Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE