```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

M.L. BERRY, ET AL.                                        PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:04CV134TSL-JCS

KUHLMAN CORPORATION, ET AL.                                DEFENDANT

                              ORDER

This cause is before the court on the motion of plaintiffs M.L. Berry, Betty Berry, Luke Funchess, Herman May, George Deaton and James Minter to reconsider, alter or amend the memorandum opinion and order entered in this cause on March 27, 2007 dismissing their claims with prejudice and to vacate the judgment of dismissal entered on that date.  There is also pending a motion by attorney Michael S. Allred to appear as counsel of record for these plaintiffs in the event the court grants their motion for reconsideration.[1]  Defendants have responded in opposition to both motions and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that both motions should be denied.

The court dismissed the complaint of plaintiff M.L. Berry on the basis that his claims were settled by his bankruptcy trustee

---

[1] Mr. Allred also asks to appear as counsel of record for Charles Funchess, J.W. Channel and Eddie Blackwell.  However, the complaint of these plaintiffs has been finally dismissed and they have not moved for reconsideration.

and that settlement approved by the bankruptcy court. Berry has since moved to set aside the bankruptcy court's order approving that settlement. However, the bankruptcy court has denied his motion, and this court has dismissed Berry's appeal of the bankruptcy court's ruling.

The court dismissed the claims of the remaining plaintiffs based on their failure to comply with the case management order and/or to come forward with evidence to support their claims in the case. To the point, plaintiffs failed to disclose or present evidence relating to their medical conditions, including medical conditions which they attributed to their alleged exposure to PCBs or other chemicals, and further failed to produce "a sworn affidavit from an expert expected to testify in this action stating that [any medical condition suffered by plaintiffs] was likely caused by exposure to PCBs or other chemicals or substances." The court found that these omissions warranted dismissal, and observed there was "no doubt from the record that there is and has never been any expert testimony, report or affidavit stating that any medical condition of any plaintiff was likely caused by exposure to PCBs."

Following the court's entry of a final judgment of dismissal, plaintiffs filed their motion to reconsider. Therein, plaintiffs argue that they cannot be faulted for their failure to make the necessary disclosures and/or present the necessary evidence to

support their claims because they were unrepresented and unaware of what disclosures were required to be made and/or evidence to be presented. The record thoroughly belies their assertion. Even if plaintiffs did not possess a copy of the case management order (which seems doubtful),[2] they certainly had access to that document, which is a public record, and without question, they were fully aware of the pertinent contents of the document, particularly given that it was quoted at length in defendants' motion for summary judgment. They were also aware, from defendants' summary judgment motion and this court's order(s), that they were required to provide an expert's affidavit regarding causation. They also knew that if they failed to comply with the disclosure requirements of the case management order and to provide the required expert affidavit by the date established by the court, their claims would be dismissed. The court rejects their suggestion that their claimed ignorance warrants relief from the court's judgment of dismissal.

Plaintiffs further advise on their motion that they have "just recently been in contact with counsel" who has the knowledge to help them understand the deficiencies thus far and who can get

---

[2] Plaintiffs argue in their motion, "Plaintiffs have not been in possession of the Case Management Order," and that consequently, they "unfortunately [did] not have the knowledge which would lead them to believe they were missing vital pieces of information that would be included (in the Case Management Order)." They declare, "It is impossible for Plaintiffs to have fully complied with an order not in their possession."

for them a medical expert who will provide the evidence essential to proving their claims. On June 26, 2006, the court granted plaintiff's former counsel's motion to withdraw as counsel and gave plaintiffs thirty days within which to employ private counsel or to notify the clerk in writing that they will proceed to represent themselves. Subsequently, on July 21, 2006, the court entered an order extending the time for plaintiffs to find new counsel, giving them until August 28, 2006. The plaintiffs advised the court on August 25, 2006 that they would represent themselves. In the nine months following withdrawal of their former counsel, plaintiffs had ample opportunity to secure other counsel and yet failed to do so, notwithstanding their knowledge throughout this time that they were facing the prospect of dismissal. Under these circumstances, relief is not warranted.

Therefore, it is ordered that plaintiffs' motion to reconsider, alter or amend is denied, and it follows that attorney Allred's motion to appear as counsel in the event the court grants plaintiff's motion for reconsideration, is denied.

SO ORDERED this 5th day of February, 2008.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE